# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20015
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
April 13, 2015
Lyle W. Cayce
Clerk

LIZZIE YOUNG,  H-12-CV-3533

    Plaintiff - Appellant

United States District Court
Southern District of Texas
FILED
JUN 1 5 2015
David J. Bradley, Clerk of Court

v.

CITY OF HOUSTON,

    Defendant - Appellee

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3533

---

Before HIGGINBOTHAM, JONES and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

    Lizzie Young appeals an order granting the City of Houston's motion to dismiss Young's 42 U.S.C. § 1983 action for damages and equitable relief. She also appeals the denial of post-judgment relief. We AFFIRM.

    In October 2012, Young filed suit in Texas state court alleging that the City of Houston (the "City") acted under the color of state law and violated her

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20015

rights when it terminated her from a program to provide dental care. Young alleged that her income and age qualified her for a dental program funded by the state and administered by the City, and that termination violated her rights. Young was terminated when she would not agree to a treatment plan developed after consultations with numerous dentists.

The City answered the complaint and then removed to federal court. Both parties consented to proceed before a magistrate judge. The magistrate judge granted the City's motion to dismiss, finding that Young had not shown that the City had a policy, practice, or custom of violating her rights, or that Young had a private right of action cognizable under § 1983.[1] The magistrate judge denied Young's motion to vacate the dismissal and her motion to reconsider the denial. Young timely appealed.

We first address Young's contention that dismissal pursuant to Rule 12(b)(6) was void because the City had already filed its answer. We agree that 12(b)(6) relief was unavailable here because the City's motion was made after it had filed a responsive pleading. *See* Fed. R. Civ. P. 12(b); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). However, a defense of failure to state a claim upon which relief can be granted may also be raised by a Rule 12(c) motion. *See* Fed. R. Civ. P. 12(h). We therefore construe the City's motion as a Rule 12(c) motion for judgment on the pleadings raising this defense. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

Viewing the City's motion as a 12(c) motion has no effect on our review, because a "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v.*

---

[1] The City brought its motion under Fed R. Civ. P. 12(b)(1), but the magistrate judge construed it as a 12(b)(6) motion to dismiss for failure to state a claim. The magistrate judge noted that the court has subject matter jurisdiction over § 1983 claims and the City had conceded jurisdiction when it removed the case to federal court.

2

No. 14-20015

*MySpace, Inc.*, 528 F.3d 413, 417 (5th Cir. 2008). We review the district court's grant of judgment on the pleadings de novo. *Id.* We assess whether, accepting the factual allegations as true, the complaint states a plausible claim for relief. *See id.*

Young appeals the dismissal of her § 1983 claim.[2] Section 1983 "provides a claim against anyone who, under color of state law, deprives another of his or her constitutional rights." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (internal quotation marks and citations omitted). Section 1983 applies to municipalities like the City of Houston, but municipalities are not liable under a theory of *respondeat superior*. *See Bd. of Cnty. Com'rs. of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 (1978)). In order to state a claim against a municipality, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Brown*, 520 U.S. at 403. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403–04.

Young's complaint does not allege that the City had a policy or custom that caused Young's injury. On the contrary, the complaint alleges that Young was injured *despite* policies in place to prevent injury. The complaint alleges that the City maintains policies to train its officials to serve the elderly population, to educate employees to protect elderly rights, and to ensure employees are qualified. Young alleges that her injury stemmed from City employees' disregard of these city policies. Essentially, Young alleges that the

---

[2] To the extent Young appeals claims brought under other constitutional or statutory provisions, or against unnamed defendants, they are waived because Young does not raise or brief them on appeal. *See Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004).

3

No. 14-20015

City is liable because its employees did not abide by the City's policies intended to ensure proper treatment of elderly persons. This *respondeat superior* claim is not cognizable under § 1983. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989); *Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995) (holding that plaintiff did not state a § 1983 claim when she alleged injury caused by actions of individual police officers, not by a city policy or custom).

In her brief on appeal, plaintiff attempts to recharacterize her injury as having been caused by the City's policies, arguing that her injuries resulted from the City's "custom" of permitting ill-trained and unknowledgeable employees to run the dental program. Our inquiry into whether Young has adequately stated a claim for relief is limited to the four corners of the complaint, and Young did not amend her complaint despite being given fourteen days to do so by the magistrate judge. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In any event, even Young's brief confirms that she is attempting to impose liability based on *respondeat superior*; Young states that the City has acted "in total disregard of written policies."[3]

Young also argues that the dismissal and denial of post-dismissal relief violated her due process rights. First, Young argues that the magistrate judge erred by failing to ensure she had pled her "best case" before dismissing the complaint with prejudice. *See Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011). Young's argument is without basis because the magistrate judge *did* provide Young an opportunity to amend her complaint. Second, Young takes issue with the magistrate judge's "sua sponte dismissal" of the complaint, but the

---

[3] Our policy of liberally construing pro se litigants' complaints does not relieve Young from her obligation to state a claim for relief. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotation marks and citations omitted).

No. 14-20015

magistrate judge did not act sua sponte. The City moved to dismiss for failure to state a claim, Young responded, and the magistrate judge granted the motion. Moreover, after dismissal, Young was afforded the opportunity to amend the complaint. Third, Young claims that the City's filing of an answer guaranteed her a jury trial. But federal procedural rules apply to this action, and many rules—including Rules 12(c) and 56 of the Federal Rules of Civil Procedure—permit judgment as a matter of law. Fourth, the magistrate judge did not abuse her discretion by denying Young's motions for post-judgment relief. Young's due process rights were not violated.

For the foregoing reasons, we AFFIRM.